.IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| SPECTRUM DIAMONDS I CORPORATION d/b/a SYLVIE JEWELRY <br><br> Plaintiff, <br><br> vs. <br><br> SMILING ROCKS INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. _____ <br><br> (JURY DEMANDED) |

ORIGINAL COMPLAINT

Plaintiff, Spectrum Diamonds I Corporation d/b/a Sylvie Jewelry ("Sylvie"), by its attorney, hereby sues Smiling Rocks Inc. ("Smiling Rocks" or "Defendant"), and alleges upon knowledge as to its own acts and upon information and belief as to all other matters as follows:

NATURE OF THE ACTION

1.     This is an action for trade dress infringement and dilution arising out of Smiling Rocks advertising, marketing, manufacture, distribution and sale of "knock-off" jewelry items that intentionally copy Sylvie's protected trade dress.

<u>PARTIES</u>

2.      Spectrum Diamond I Corporation d/b/a Sylvie Jewelry ("Sylvie") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

3.      Upon information and belief, Smiling Rocks Inc. ("Smiling Rocks") is a corporation, with a place of business at 579 Fifth Avenue, Floor 3, New York, New York 10017.

<u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over these claims under 15 U.S.C. §1121 (action arising under the Lanham Act); 28 U.S.C. §1331 (federal question); 28 U.S.C. 1338(a) (any Act of Congress relating to patents or trademarks); and 28 U.S.C. §1367 (supplemental jurisdiction).

5.      The Court has personal jurisdiction over Defendant because, on information and belief, Defendant Smiling Rocks deliberately and purposefully operates interactive electronic systems that transmit deceptive commercial information, including, without limitation, emails that include deceptive advertising and that are targeted to relevant retailer customers and their end consumers in this district, and those deceptive marketing communications are physically received, viewed and relied upon by those retailer customers and consumers in this district, causing localized likelihood of confusion.

6.      Venue is proper within this District under 28 U.S.C. §§1391(b)(2) and (c)(2) because the aforementioned direct and target emails constitute a substantial part of the events that rise to the claims here, and because Smiling Rocks is subject to personal jurisdiction

regarding this civil action by virtue of its targeted, automated distribution of deceptive

advertising directed to retailer customers and their end consumers located here.

FACTUAL ALLEGATIONS

A.   The Fame and Notoriety of Sylvie Jewelry Designs

7.      In 1987, Ian Levine established Spectrum Diamonds, a jewelry manufacturer and

diamond merchant.  Sylvie Levine is an award-winning designer, born and raised in Antwerp,

Belgium, the center of the world's diamond trade.  Growing up surrounded by diamonds, Sylvie

inherited a deep passion for these gems.  This love for diamonds eventually led her to meet her

husband, Ian, a serendipitous encounter that blossomed into both a personal and professional

partnership. Together, they founded Sylvie Jewelry, a brand built on 30 years of diamond

expertise through Spectrum Diamonds.

8.      Sylvie's designs are a reflection of her deep love for artistry and her commitment

to ethical sourcing and personalized service.  Every design that crosses her desk is a testament to

her hands-on approach and her belief in crafting pieces that are as unique as the individuals who

wear them.   The beauty and passion Sylvie views around her is reflected in all of her designs

and she draws inspiration from creating customizable options as endless as life's biggest

celebrations.  Sylvie always dreamed of a brand that would not only make fine jewelry—it would

resonate with people's emotions and tell a story of youthful femininity in a vastly male-

dominated designer jewelry industry.   The Sylvie brand was born in 2007 as a confluence of her

refined taste and artistic flair, a creation that mirrored her passion for creating timeless pieces

that wearers would cherish for a lifetime.  Each piece was crafted with love, exuding the

sophistication, elegance, and grace that Sylvie herself embodies.

-3-

9. Over the past several decades, Sylvie's jewelry products have been highly regarded by the public for their distinctive design, exceptional question, diamonds, unique materials, and superior craftsmanship.

10. Sylvie's jewelry products are marketed under the brand name "Sylvie" and "Sylvie Collection" and are among the most celebrated jewelry products in the United States and elsewhere.

11. Beginning in approximately 2010, Sylvie began designing, manufacturing, promoting, marketing, and selling a line of unique jewelry products that incorporate a "shell" motif, together with other innovative and creative artistic elements. In an engagement ring embodying the Sylvie "Legacy Shell," a unique design is created by seamlessly connecting a shank to a head in a manner representing two souls forming an eternal bond together as one, just like the brides who are on the cusp of a new phase of life, one that is full of promise and hope. Recalling the shell from Sandro Botticelli's Birth of Venus, the unique shell shape created in the negative space of the rings' design also represents light radiating from the ring's center diamond:



12.     Following its introduction into the marketplace, the Sylvie Legacy Shell was an immediate and commercial success.  Since its inception, the Legacy Shell was and continues to be incorporated into numerous Sylvie styles for jewelry pieces that are widely marketed and sold.   Based on its uniqueness and beauty, the Sylvie Legacy Shell has become a core aspect of Sylvie's brand identity and reputation in the marketplace for the highest quality products of exceptional design and style, and craftsmanship.

13.     Recently, Sylvie introduced a new generation of the Legacy Shell design referred to as Shell Iconelle®.   Engagement rings and other items that incorporate Shell Iconelle artfully incorporate the essence of the legacy Sylvie Shell design as an intricately carved motif in the silhouette of each piece:   :



14.    Shell Auranova™ is another well-known Sylvie brand collection.  Named from the Latin words aura (gold) and nova (new), Shell Auranova is defined by a single, continuous form blossoming at the crown to cradle the center stone in two elegant half bezels.  This design innovation creates a continuous, glowing frame that maximizes brilliance while maintaining a soft, modern edge.  Representative of this design line is Style No. S3610, the Shell Auranova Half Bezel Pavé Engagement Ring with Shell Tip Silhouettes – Mariselle, pictured below:



### B.  The Sylvie Collection Styles Copied by Smiling Rocks

The first targeted email campaign

15.     On or about February 7, 2026, and using one or more interactive electronic systems, Smiling Rocks initiated a targeted email marketing campaign that included a number of jewelry items.  One of these items was a "New Style" for the Smiling Rocks "Bridal Effiel collection."   This New Style, however, was anything but new; it is a blatant copy and knock-off a Sylvie Shell Iconelle style.   In pertinent part, the marketing email is reproduced below:



*New Style*

Introducing a new edition to the
*Bridal Effiel* collection.

ROUND | OVAL | PEAR | MARQUISE

14K WG | YG

ORDER NOW

16.    The so-called "new edition" to the Smiling Rocks collections is a knock-off of at least the following Sylvie Shell Iconelle styles S5010, S5026, S5007, S5000, S5016, and others:



S5007:



S5000:



S5016:



<u>The second targeted email campaign</u>

17.     On or about March 26, 2026, Smiling Rocks initiated yet another email marketing campaign.  This email campaign was titled "Clean Lines, Clear Brillance" and included a number of rings in the Smiling Rocks Horizon line.  At least one of these new items, however, was yet another knock-off and copy of a Sylvie design, this time in the Sylvie Shell Auranova line.

18.    The pertinent part of the email piece depicted the purported new Smiling Rocks style:



19.    The above design is a knock-off the Sylvie Style S3610, reproduced below:





20.    On information and belief, Smiling Rocks has advertised, marketed, manufactured, distributed, imported and sold the above-identified rights, as well as one or more other jewelry items, that are knock-offs of Sylvie styles (the "Infringing Products").

C. The Sylvie Trade Dress

21.    The Sylvie Legacy Shell, Sylvie Iconelle and Shell Auranova are unique designs that pay homage to the Sylvie founders' personal journey and story woven into every detail and reflected in the story each design represents.

22.    The Legacy Shell is a fluid and sleek design, with a single seamless metal shape that embraces the center diamond.  Negative space in the ring's profile evokes the Sylvie shellbrand icon, while the top of the profile – where the band meets to re-open and hug the center diamond – symbolizes two souls joining as one, a reminder of the same unique journey of love that Sylvie's founders, like the brides who wear these rings, have experienced.   The Legacy Shell is the visual representation of what the Sylvie brand strives to do – radiate the light of joy to every corner of life to create strength, energy and positivity.  Shell Iconelle elevates the Sylvie Legacy Shell collection with a shell inlay with meticulously handset diamonds or a high polished inlay.  Shell Auranova is the next-generation evolution of the Legacy Shell design, with a single continuous form that blossoms at the crown to cradle the center stone with two half bezels, symbolizing two paths merging into one.

23.    These designs (the "Sylvie Trade Dress") are unique, distinctive, nonfunctional, and have achieved substantial recognition and goodwill in the marketplace.

D.  Smiling's Rock's Infringement of the Sylvie Trade Dress

24.    Sylvie and Smiling Rocks are direct competitors.   Both market and advertise their respective products to their retailer customers, at least some of whom are the same, and those

retailer customers then promote and sell these products to consumers, typically members of the general public having an interest in purchasing these products.  On information and belief, the Infringing Products here are being purposefully marketed through email marketing campaigns that are directed to both these retailer customers, as well as the consumers that seek to purchase those products from such retailers.  On information and belief, Smiling Rocks' use of the Sylvie Trade Dress in these targeted marketing efforts allows it to freeride on Sylvie' hard work, investment, and proprietary design work.

25.    On information and belief, Smiling Rocks, through its directed and targeted email marketing campaigns as outlined herein, has created demand for its products in interstate commerce and in this district and has gained profits by virtue of its sales of the Infringing Products that have occurred based on these marketing efforts.

26.    On information and belief, relevant retailer customers and consumers that use such retailer customers viewing the Infringing Product have and will continue to confuse them with the Sylvie Products.  In addition, on information and belief the above-described marketing activities have caused, or will cause, confusion among the jewelry trade regarding the existence of and nature of a presumed relationship between Sylvie and Smiling Rocks due to the marketing of these knock-off jewelry items.

27.    On information and belief, the Infringing Product are, as compared to the Sylvie Products and as perceived by relevant retailer customers and their consumers, of lesser quality.

COUNT 1
INFRINGEMENT OF THE SYLVIE TRADE DRESS
(15 U.S.C. §1125(a))

28.    Sylvie incorporates and re-alleges the allegations contained in Paragraphs 1 through 27 above as though fully set forth below.

-15-

29.    Sylvie has ownership rights in the Sylvie Trade Dress as described above.

30.    The Sylvie Trade Dress as described above is unique, distinctive, nonfunctional, and has achieved substantial secondary meaning and goodwill in that it has come to be associated with a single source in the minds of relevant retailer customers and their consumers.

31.    The design of the Sylvie Trade Dress is neither essential to use or purpose nor does it affect the cost or quality of the jewelry which embodies the Sylvie Trade Dress.  There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Sylvie Trade Dress.  The aforesaid combination of features provides no cost advantages to the manufacturer or utilitarian advantages to the retailer customer and the consumer.  These features, in combination, serve only to render the Sylvie Products distinct and recognizable as goods originating from Sylvie.

32.    As such, the Sylvie Trade Dress constitutes protectable trade dress pursuant to Section 43(a) of the Lanham Act.

33.    On information and belief, Smiling Rocks has marketed, offered for sale, and sold the Infringing Product to the identical group of relevant retailer customers and consumers to purchase such products from these retailers as the ultimate consumers for Sylvie Products via similar or related channels of trade as Sylvie.

34.    The design and look of Smiling Rocks' Infringing Products are confusingly similar to the Sylvie Trade Dress, and incorporate the distinctive features of the Sylvie Trade Dress.  Therefore, the marketing and sale of the Infringing Product constitute the use in commerce of trade dress that is likely to cause confusion and mistake, and to deceive relevant retailer customers and consumers seeking to purchase such products from these retailers as to the

source or origin of the Infringing Products or their affiliation, connection, or association with Sylvie or the Sylvie Products, or Sylvie's sponsorship or approval of the Infringing Products.

35.     Smiling Rocks' manufacture, marketing, and sale of the Infringing Products, which copy the Sylvie Trade Dress, enable and have already enabled Smiling Rocks to freeride on Sylvie's reputation and goodwill built into the Sylvie Trade Dress.

36.     As such, the acts of Smiling Rocks constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

37.     On information and belief, Smiling Rocks was aware of the Sylvie Trade Dress at the time the Infringing Products were conceptualized, designed, manufactured, marketed via the email campaigns outlined herein, offered for sale, and/or sold.  Accordingly, the infringement by Smiling Rocks as described above is deliberate, willful, and in bad faith, making this an exceptional case under 15 U.S.C. §1117.  As such, Sylvie is entitled to an award of its actual damages, and award of costs, destruction of the Infringing Products, and, as this is an exceptional case, reasonable attorneys' fee pursuant to 15 U.S.C. §1117.

38.     The acts of infringement of Smiling Rocks have caused both irreparable harm and monetary damage to Sylvie, including but not limited to harm to Sylvie by virtue of damage to the goodwill and reputation of Sylvie's business, and unless enjoined and restrained, will cause further irreparable harm, leaving Sylvie with no adequate remedy at law.

COUNT II
STATE LAW DILUTION
(Texas Business and Commerce Code §16.103)

39.     Sylvie incorporates and re-alleges the allegations contained in Paragraphs 1 through 38 above as though fully set forth below.

40.     Sylvie has ownership rights in the Sylvie Trade Dress as described above.

41.     The Sylvie Trade Dress described above has become and is now widely known and recognized by the jewelry trade, and among relevant retailer customers and consumers, and accordingly is distinctive and is closely associated with Sylvie and its Products.

42.     The design and look of the Infringing Products are confusingly and substantially similar to the Sylvie Trade Dress, and incorporate the distinctive features of the Sylvie Trade Dress.  Therefore, the marketing and sale of the Infringing Products constitute the use in commerce of trade dress that is likely to cause configuration and mistake, and to deceive relevant retailer customers and consumers as to the source or origin of the Infringing Products or their affiliation, connection, or association with Sylvie or the Sylvie Products, or Sylvie's sponsorship or approval of the Infringing Products.

43.     Such conduct blurs or will blur the distinctive quality of the Sylvie Trade Dress.

44.     Additionally, as the Infringing Products are of less quality than the Sylvie Products, such conduct will tarnish the Sylvie Trade Dress by linking it to sub-par products.

45.     On information and belief, the activities of Smiling Rocks herein described were designed to dilute Sylvie's extremely well-known trade dress, and to create confusion and mistake and to deceive retailer customers and consumers into the false belief that the products of Smiling Rocks complained of here are associated with, sponsored by, endorsed by, or otherwise connect to Sylvie and its products.

46.     Upon information and belief, Smiling Rocks knew that Sylvie would object to use by Smiling Rocks of confusingly similar trade dress for the Infringing Product, and Smiling Rocks acted unfairly under the circumstances in advertising, marketing, and selling confusingly similar products.

47.    Sylvie has been injured as a result of such conduct, including but not limited to harm to Sylvie by virtue of damage to the goodwill and reputation of Sylvie's business, and Sylvie will likely suffer additional injury if such conduct is not enjoined in the future.

48.    The conduct of Smiling Rocks constitutes dilution in violation of Texas Business and Commerce Code §16.103.

### JURY DEMAND

Sylvie requests a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Sylvie respectfully requests that this Court enter a judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, and Order:

1. Finding that, by the acts complained of above:  (i) Smiling Rocks has infringed the Sylvie Trade Dress in violation of 15 U.S.C. §1125(a), and that such infringement was willful, and (ii) that Smiling Rocks diluted the Sylvie Trade Dress, and that such conduct was willful;

2. Entering a permanent injunction enjoining and restraining Smiling Rocks, its agent, servants, officers, directors, employees, affiliates, attorneys, and all those acting in privity, active concert, or participation with any of them, and their parents, subsidiaries, divisions, successor, and assignees who receive actual notice of the order and judgment by personal service or otherwise, from making, using, and selling any products in violation of the Sylvie Trade Dress, and from advertising or marketing any products that violate the Sylvie Trade Dress;

3. Awarding Sylvie all actual damages, direct damages, indirect damages, consequential damages (including lost profits), special damages, costs, fees, and expenses incurred by reason of the wrongful acts of Smiling Rocks;

4. Awarding Sylvie treble damages sustained as a result of the above-described willful and unlawful conduct pursuant to 15 U.S.C. §1117(a);

5. Ordering an accounting by Smiling Rocks to Sylvie for any and all profits derived as a result of the marketing, promoting, or selling of goods that are confusingly similar to the Sylvie Trade Dress;

6. Ordering Smiling Rocks to melt down and recycle any remaining inventory of the Infringing Products and take down and destroy any and all advertising and promotional materials, displays, marketing materials, web pages, social media posts, and all other data or things relating to the Infringing Products in compliance with 15 U.S.C. §1118;

7. Awarding Sylvie its actual costs and attorneys' fee incurred in bringing and defending this action pursuant to 15 U.S.C. §1117(a);

8. Awarding Sylvie pre-judgment and post-judgment interest on each and every monetary award to Sylvie; and

9. Granting such other relief as the Court deems just and proper.

Dated:  May 18, 2026

Respectfully submitted,

*/s/ David H. Judson*

David H. Judson

Law Office of David H. Judson
7244 N. Janmar Drive
Dallas, Texas 75230
Tel.:  (214) 789-9118
Fax:  (253) 369-3141
mail@davidjudson.com

*Attorney for Spectrum Diamonds I
Corporation doing business as Sylvie Jewelry*